# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-0524V
(not to be published)

|  |  |
|---|---|
| DAYNA CLARK,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: November 6, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Gerald S. Sack, Law Offices of Gerald S. Sack, LLC, West Hartford, CT, for Petitioner.*

*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 10, 2019, Dayna Clark filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left Shoulder Injury Related to Vaccine Administration as a result of an influenza vaccination administered on October 10, 2017. Second Amended Petition at Preamble (ECF No. 27). On August 10, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 37).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated September 29, 2020 (ECF No. 43), requesting a total award of $14,578.40 (representing $13,958.00 in fees and $620.40 in costs). Petitioner later filed her statement in response to General Order No. 9 indicating that she had incurred no personal out-of-pocket expenses. (ECF No. 46). Respondent reacted to the fees motion on October 13, 2020, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring resolution of the amount to be awarded to my discretion. (ECF No. 44). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's motion and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton,* 3 F.3d at 1522. Furthermore, a special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

Petitioners are burdened with "establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

A.  <u>Hourly Rates</u>

Petitioner is requesting the rate of $425 per hour for all time billed between 2017 – 2020 for her attorney Gerald Sack, and the rate of $135 per hour for all time billed by Mr. Sack's paralegals. (ECF No. 43-1 at 3). Petitioner states that Mr. Sack was previously awarded the rate of $425 per hour, however this is incorrect. *See Simison v. Sec'y of Health & Human Servs.,* No. 18-1151V, 2019 WL 7189992 (Fed. Cl. Spec. Mstr. October 31, 2019). Rather, I have previously determined that Mr. Sack should receive $395 for time billed in 2017, $405 for time billed in 2018, and $415 for time billed in 2019. *Simison,* 2019 WL 7189992, at *2.

I find no cause to deviate from the rates awarded in *Simison,* and therefore reduce Mr. Sack's rates to those previously awarded. I will, however, allow the rate of $425 per hour for 2020 work. This reduces the amount of fees to be awarded in the amount of **$309.00**.[3]

B.  <u>Paralegal Tasks at Attorney Rates</u>

The invoices filed reveal multiple instances in which tasks that are considered paralegal in nature were billed at attorney rates. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Examples of such instances include:

- April 10, 2019 (1hr) "Finalize Petition and file same with court";

- April 10, 2019 (0.50 hr) "Finalize statement of completion and file with court";

---

[3] This amount consists of ($425 - $395 = $30 x 2.4 hrs = $72) + ($425 - $405 = $20 x 2.8 hrs = $56) + ($425 - $415 = $10 x 18.1 hrs = $181) = $309.00.

3

- November 7, 2019 (0.50 hr) "Filing of Amended List of Exhibits and Exhibits"; and

- April 2, 2020 (0.30 hrs) "Filing of Second Amended Petition, Notice of Filing Exhibits, Exhibits, and Status Report."

(ECF No. 43-2 at 3, 5 and 6).[4]

All such tasks that are considered paralegal shall be compensated at the reduced rate of $135 per hour. This reduces the total amount of fees to be awarded by **$840.00**.[5]

## ATTORNEY COSTS

Petitioner requests $620.40 in overall costs. (ECF No. 43-2 at 6). This amount is comprised of obtaining medical records and the filing fee. I have reviewed all the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Petitioner is entitled to such an award in this case, but at the rates discussed above. Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$13,429.40** (representing $12,809.00 in fees and $620.40 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] These are merely examples and not an exhaustive list.

[5] This amount consists of $414 - $135 = $280 x 3 hrs = $840.00.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.